FILED
2017 Apr-27 PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | | |
|---|---|---|
| ANNA BRYANT, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | Civil Action No.: _____ |
| | * | |
| | * | |
| HCC LIFE INSURANCE | * | |
| COMPANY, | * | |
| | * | |
| Defendant. | * | |
| | * | |

## NOTICE OF REMOVAL

Defendant HCC Life Insurance Company ("HCC") files this its notice to remove the foregoing cause to the United States District Court for the Northern District of Alabama, Eastern Division, and respectfully shows unto this Honorable Court:

1.  Plaintiff Anna Bryant is over the age of 19 years and is a citizen of the State of Alabama.

2.  Defendant HCC is a corporation incorporated in the State of Indiana and its principal place of business is not in the State of Alabama, but is in the State of Georgia, and it is a citizen of the states of Indiana and Georgia.

3. This action is a controversy between a citizen of the State of Alabama on the one hand and a citizen of the states of Indiana and Georgia on the other hand, and is wholly between citizens of different states, and the controversy between the parties can be fully determined in this cause. No change in citizenship of the parties to this action has occurred since the commencement of this suit.

4. This removal is being filed within the time allowed by law.

5. Defendant has a good defense to this action.

6. Plaintiff claims against defendant exceeds the sum of $75,000.00, exclusive of interest and costs.

7. Plaintiff sues for breach of contract for the denial of health insurance benefits under a policy issued by HCC to plaintiff. Plaintiff additionally sues in tort for the tort of bad faith and fraud.

8. The policy provides medical benefits on a short-term basis. The policies for each "incident" provide the following benefits provisions for covered claims: a $5,000 deductible, 80% co-insurance for the next $20,000 in covered bills, and then 100% of covered bills up to a policy maximum of $100,000.00.

9. The complaint alleges plaintiff has submitted approximately $50,000 in medical bills under the policy, which claims have not been paid. Plaintiff claims the benefit amount, interest, consequential and incidental compensatory damages, and mental distress and punitive damages under the two tort counts.

10. The amount in controversy in this case exceeds $75,000.00. Although Plaintiff does not specify the total dollar amount in controversy, Defendant may nonetheless remove this case to federal court based on the allegations of the Complaint. *See Steele v. Underwriters Adjusting Co., Inc.*, 649 F. Supp. 1414, 1415 (N.D. Ala. 1986) (to disallow removal only or strictly because plaintiff did not allege a jurisdictional amount would be "simply unfair"). If the rule was otherwise, any plaintiff could avoid removal simply by declining to place a specific dollar value upon his claim. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007). When "the initial pleading seeks (i) nonmonetary relief; or (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded," then "the notice of removal may assert the amount in controversy." 28 U.S.C. § 1446(c)(2)(A).

11. Defendant denies that plaintiff is entitled to benefits at this time under the policy and denies that plaintiff is entitled to recover in this case. However, the allegations on the face of the Complaint establish that the amount in controversy in the present case exceeds $75,000.00. *See Lowery*, 483 F.3d at 1211 ("Under the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements.").

12. Plaintiff's allegations alone establish the requisite amount in controversy. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

13. In addition, calculation of the amount in controversy includes both compensatory and punitive damages. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Holly Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). For purposes of establishing the jurisdictional amount in controversy, "multiple claims for relief can and should be considered together in determining [that] amount." *Howard v. Globe Life Ins. Co.*, 973 F. Supp. 1412, 1418 (M.D. Fla. 1996); 14A WRIGHT AND MILLER, FEDERAL PRACTICE AND PROCEDURE § 3704 (value of claims are added together to determine jurisdictional amount).

14. Eleventh Circuit precedent also permits the District Court to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). A District Court need not "suspend reality or shelve common sense in

determining whether the face of a complaint ... establishes the jurisdictional amount." *Pretka*, 608 F.3d at 770.

15. By seeking $50,000 in insurance benefits plus interest, and all compensatory damages, mental anguish and punitive damages, plaintiff's complaint satisfies the requisite amount in controversy. *See Tucker v. Northbrook Indem. Co.*, 2013 WL 5961095 (N.D. Ala. Nov 7, 2013) (finding that lawsuits seeking unspecified punitive damages "automatically" satisfy the amount in controversy and are removable); *Jones v. Hartford Fire Ins. Co.*, 2013 WL 550419 (N.D. Ala. Feb. 7, 2013) (same); *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333 (N.D. Ala. 2012) (same); *Shepherd v. State Farm Fire & Cas. Co.*, 2012 WL 3139752, * 2-3 (N.D. Ala. July 30, 2012) (finding $38,549.19 in insurance benefits plus mental anguish and punitive damages in bad faith case sufficient to establish the amount in controversy); *see also Rogers v. Hartford Life & Acc. Ins. Co.*, 2012 WL 887482, *1, n.1 (S.D. Ala. 2012) (finding $51,000 in insurance benefits plus unspecified mental anguish and punitive damages sufficient).

16. Based on these facts, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

17. Attached as Exhibit A is the entire case file in this action from the Circuit Court of Clay County, Alabama.

19. Accordingly, pursuant to 28 USC §§1332, 1441, and 1446, this case is removed to this Court.

WHEREFORE, PREMISES CONSIDERED, Defendant hereby removes this action from the Circuit Court of Clay County, Alabama to this Honorable Court this the 27th day of April, 2017.

_____
J. Mark Hart (ASB-5059-A61J)

_____
Andrew J. Sinor, Jr. (ASB-8207-S66A)

*Attorneys for Defendant HCC Life Insurance Company*

**OF COUNSEL:**
HAND ARENDALL LLC
1801 5th Avenue North, Suite 400
Birmingham, AL 3503
Telephone: 205-324-4400
Email: mhart@handarendall.com
       dsinor@handarendall.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of April, 2017, I served a copy of the foregoing pleading on all counsel of record via electronic transmissions as follows:

F. Inge Johnstone
Johnstone Carroll LLC
2204 Lakeshore Drive, Suite 303
Homewood, AL 35209

_____
OF COUNSEL