FILED
2017 Apr-27  PM 04:07
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

ELECTRONICALLY FILED
3/24/2017 3:33 PM
17-CV-2017-900014.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev.5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case: 17<br><br>Date of Filing:<br>03/24/2017 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA
### ANNA BRYANT v. HCC LIFE INSURANCE COMPANY

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING   A ☐ APPEAL FROM DISTRICT COURT   O ☐ OTHER

R ☐ REMANDED   T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** JOH159

3/24/2017 3:33:21 PM
Date

/s/ FRANCIS INGE JOHNSTONE
Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☑ NO ☐ UNDECIDED

ELECTRONICALLY FILED
3/24/2017 3:33 PM
17-CV-2017-900014.00
CIRCUIT COURT OF
CLAY COUNTY, ALABAMA
JULIE G. POE, CLERK

## IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

ANNA BRYANT                 )
                                      )
Plaintiff,                 )
                                      )
v.                          )     CIVIL ACTION NO.:
                                      )
HCC LIFE INSURANCE COMPANY  )     JURY TRIAL DEMANDED
 and Fictitious Defendants         )
 A, B, C, D, E, F, and G        )
                                      )
Defendants.         )

## COMPLAINT

The plaintiff, Anna Bryant, complains against the defendants as follows:

1.    Plaintiff, Anna Bryant is an individual residing in Clay County, Alabama.

2.    Defendant HCC Life Insurance Company is an Indiana Corporation with its principal place of business in Kennesaw, Georgia.

3.    Fictitious defendants A through G are those individuals or entities whose identities are currently unknown to the plaintiffs and who participated in the wrongful actions made the basis of this Complaint.  Their true and correct names will be substituted by amendment when the aforesaid information is ascertained.

4.    On or about February 9, 2016, Anna Bryant purchased a short-term major medical insurance policy from defendant HCC.

5.      From April through July 2016, Miss Bryant submitted approximately $50,000 in covered claims under the HCC policy, including claims for several surgical procedures.

6.      However, HCC refused to pay any of these claims and insisted that Ms. Bryant's health care providers had not sent requested information.

7.      Ms. Bryant confirmed with her health care providers that the requested information had been sent.

8.      Ms. Bryant repeatedly inquired of HCC about the outstanding claims in an effort to get them paid.

9.      HCC has maintained its denial.

10.     Due to this denial, Ms. Bryant has received repeated collection letters concerning the unpaid balances for her care.

11.     She has also suffered extreme mental anguish.

12.     Defendant HCC has not made a single payment on Ms. Bryant's claims.

## COUNT I

13.     Plaintiff hereby adopts and incorporates the allegations of paragraphs 1 through 12 above.

14.     A valid contract of insurance existed between the defendant HCC and the plaintiff.

15.   Plaintiff performed under the contract.

16.   Defendant HCC breached its contract by not paying the amount due under the policy.

17.   As a proximate result of this breach the plaintiff has been damaged.

WHEREFORE, the above premises considered, plaintiff demands judgment of the defendants for in such sum as a jury shall assess, including actual damages, plus interest, attorney's fees, general compensatory damages according to proof, all costs of this proceeding in an amount exceeding the jurisdictional minimum of this Court, and such additional and other relief as this Honorable Court should deem just and proper.

## COUNT II

18.   Defendant HCC intentionally refused to pay the plaintiff's claims.

19.   HCC lacked a debatable reason for failing to pay these claims.

20.   HCC had actual knowledge of the lack of a debatable reason and/or intentionally or recklessly failed to investigate the plaintiffs' claim and/or intentionally or recklessly failed to properly subject the plaintiffs' claim to a cognitive evaluation or review and/or created their own debatable reason for denying the plaintiffs' claim and/or relied on an ambiguous portion of the policy as a lawful basis to deny the plaintiffs' claim.

21.   As a proximate result of the defendants' actions, the Ms. Bryant has been damaged.

WHEREFORE, the above premises considered, plaintiffs demand judgment of the defendants for in such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, mental anguish damages, and all costs of this proceeding in an amount exceeding the jurisdictional minimum of this court, and such additional and other relief as this Honorable Court should deem just and proper.

## COUNT III

22.     On or about February 9, 2016, HCC misrepresented in its marketing materials and policy that it would insure Ms. Bryant's medical expenses.

23.     At the time of this misrepresentation, HCC did not intend to insure Mrs. Bryant's medical expenses.

24.     HCC intended to deceive Ms. Bryant when it made this misrepresentation to them.

25.     Ms. Bryant relied on this misrepresentation in making the decision to purchase the policy.

.    26.     As a proximate result of the defendants' actions, the plaintiff has been damaged.

WHEREFORE, the above premises considered, plaintiffs demand judgment of the defendants for in such sum as a jury shall assess, including actual and punitive damages, plus interest, attorney's fees, general compensatory damages according to proof, mental anguish damages, and all costs of this proceeding in an amount

DOCUMENT 2

exceeding the jurisdictional minimum of this Court, and such additional and other relief

as this Honorable Court should deem just and proper.

_s/ Inge Johnstone_
F. INGE JOHNSTONE (asb-2663-e68f)
Attorney for the Plaintiff,
Anna Bryant

JOHNSTONE CARROLL LLC
2204 Lakeshore Dr., Suite 303
Homewood Alabama, 35209

JURY DEMAND

Plaintiff demands trial by jury of all issues so triable.

_s/ Inge Johnstone_
F. INGE JOHNSTONE (asb-2663-e68f)

PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL WITH A COPY OF THE
SUMMONS AND COMPLAINT AT:

HCC Life Insurance Company
c/o National Registered Agents
2 N. Jackson St., Suite 605
Montgomery, AL 36104

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

| | | |
|---|---|---|
| ANNA BRYANT | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CIVIL ACTION NO.: |
| HCC LIFE INSURANCE COMPANY | ) | |
| and Fictitious Defendants | ) | JURY TRIAL DEMANDED |
| A, B, C, D, E, F, and G | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST CONSOLIDATED DISCOVERY REQUEST TO DEFENDANTS

Plaintiff Anna Bryant, by and through her undersigned counsel of record, pursuant to Rules 33 and 34 of the Alabama Rules of Civil Procedure propound the following First Consolidated Discovery Request to the defendants.

## DEFINITIONS

As used in this discovery:

1.      "Communication" means any type of written or oral communication (e.g., letter, e-mails, memorandum, meeting, face-to-face conversation or telephone conversation), regardless of the medium by which such communication occurred.

2.      "Documents" whether used in the singular or plural, means any written, or graphic matter, including but not limited to, books, papers, records, manuals, contracts, memoranda, internal or inter-office memoranda, letters, reports, receipts, minutes of meetings, graphs, checks, written statements, affidavits, transcripts, diaries, summaries, examinations, investigations, interviews, reports of examinations, accounts, accounting,

books or accounts, worksheets, notes, writings of any kind, copies of any of the foregoing, and also meaning any information which is stored or carried electronically, or on computer equipment, video or audio tape, computer tape or disk, microfilm or microfiche, optical disk, or otherwise.  The term "Documents" expressly includes "Electronically Stored Information" or ("ESI") as that term is defined in Rule 34 of the Alabama Rules of Civil Procedure.

3.      "Identify."

(a)      When used in reference to an individual, means to state his or her full name, present or last known position or business affiliation and residential address;

(b)      When used in reference to a corporation, firm, or other entity, means to state its full name, form of organization (if known), and its present or last known address;

(c)      When used in reference to a document as defined above, means to state the type of documents (e.g., letter, memorandum, contract) or some other means of identification, its author(s) and addressee(s), its date, its subject, its present location by address and its custodian.  If such document was, but is no longer in your possession, custody, or control, state what disposition was made of it;

(d)      When used in reference to a communication as defined above, means to identify the parties to the communication, the date of the communication, and the substance of the communication.

4.      "Person" means any natural person or individual (including, without limitation, any employee, agent, officer, independent contractor, attorney, expert, or consultant) or any entity (including, without limitation, any corporation, company,

partnership, association, joint venture, trust, public agency, department, bureau, or board).

5.    "Relating to" means relating to, referring to, concerning, regarding, describing, discussing, reflecting, mentioning, constituting and/or supporting, directly and/or indirectly.

6.    "You" and "Your" include any of your members, agents, representatives, employees, attorneys or anyone acting on your behalf.


**INSTRUCTIONS**

1.    Unless otherwise specified, each request herein relates to, covers and requests information for all periods prior to the date responses are filed.

2.    As specified by the Alabama Rules of Civil Procedure, this discovery shall be deemed to be continuing so as to require supplemental answers to maintain the accuracy and completeness of your answers.

3.    If any document responsive to any of the following requests for production or documents is withheld based on any claim of privilege, please state the following with respect to each documents: (1) the substance or subject matter of the documents; (2) its date; (3) its authors' (4) the nature of the privilege being claimed; and (5) the identity of all person or entities who have had access to such document.

4.    If any document to be produced was, but no longer is in your possession or control or is no longer in existence, state whether the document is: (1) missing or lost; (2) destroyed; (3) disposed of; and in each instance explain the circumstances surrounding and the authorization of such disposition thereof.

5.      Where the context makes it appropriate, each singular word shall include its plural and each plural word shall include its singular.  "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery all responses which might otherwise be construed to be outside its scope. Each of the following words includes the meaning of every other word: "each," "every," "all," and "any."  The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.  The masculine shall be construed in the generic sense.

6.      You are to produce all documents which are in your possession or control or available to you, including documents in the possession or control of your attorneys, investigators, employees, agents or other representatives, or any and all other person or persons acting on your behalf.

## INTERROGATORIES

1.      Identify any individual with knowledge relating to the claims and defenses raised in this lawsuit and the facts alleged in the Complaint and provide a summary of that knowledge.

**ANSWER:**


2.      Identify any expert that you expect to call as an expert witness at trial.  With regard to each such expert: (1) state the subject matter on which the expert is expected to testify; state the substance of the facts and opinions to which the expert is expected to testify; and  (3) provide a summary of the grounds for each opinion.

**ANSWER:**

3.      Please identify any lawsuit in which you have been involved in the State of Alabama in the last five years.

**ANSWER:**


4.      Please identify any affidavits, testimony, or statements that you or any of your executives or employees have given in connection with any litigation relating to the preceding interrogatory.

**ANSWER:**


5.      Please identify any communications concerning or relating to, applications completed by plaintiff, policies issued to plaintiff, the claim made by the plaintiff, or the plaintiff's loss.

**ANSWER:**


6.      Please identify all individuals involved in the handling of the plaintiff's claim, along with their role.

**ANSWER:**


7.      Please identify the organizational structure of your claims department, including all employees of the claims department and their roles, the head of the claims department and the two immediate supervisors above the head of the claims department.

**ANSWER:**

8.      Please identify all employees of left your employment in the last five years.

**ANSWER:**

9.      Please identify any communication with the plaintiffs or with the other defendants relating to your relationship with the plaintiffs, your insurance services, the obtaining of insurance policies, and the handling of claims.

**ANSWER:**

10.     Please identify any insurance credentials or qualifications held by the claims employees involved in this case.

**ANSWER:**

11.     Please identify the entity that employs all of the individuals involved in the handling of the plaintiff's claim.

**ANSWER:**

## REQUESTS FOR PRODUCTION

1.      Please produce a copy of any document relating to the plaintiffs, including your complete file, correspondence, presentations, sales materials, quotes, e-mails, brochures, policies, contracts, and agreements.

**RESPONSE:**

2.    Please produce a certified copy of the policy at issue in this case.

**RESPONSE:**


3.    Please produce a copy of any training manuals, policy and procedure manuals,

memoranda, continuing education material, or other documents relating to handling of

claims, the selling of insurance policies like the one at issue in this case, or the manner

in which employees or agents are to perform their jobs.

**RESPONSE:**


4.    Please produce any statement made by the plaintiff or recording of the plaintiff.

**RESPONSE:**


5.    Please produce your complete underwriting file relating to the plaintiff.

**RESPONSE:**


6.    Please produce your complete claims file relating to the plaintiffs and the

plaintiff's loss.

**RESPONSE:**


7.    Please produce an organizational chart for the claims department handling the

claim at issue in this case;

**RESPONSE:**

8.      Please produce any policy and procedure manual, claims manual, training

manual, memoranda, guidance, video, or other document relating to the handling of

claims generally or to the policy at issue in this case.

**RESPONSE:**


9.      Please produce any employee manual provided to your claims department

employees.

**RESPONSE:**


10.     Please produce the personnel files for the claims employees involved in the

handling of this claim.

**RESPONSE:**


11.     Please produce any document relating to compensation structure or bonuses for

claims employees, managers and supervisors.

**RESPONSE:**


12.     Please produce any documents discussing financial goals or guidance for the

claims department.

**RESPONSE:**

DOCUMENT 2

13.    Please produce any policy, procedure, manual, memoranda, guidance, video, or other document relating to requesting documentation in connection with a claim.

**RESPONSE:**

_s/ Inge Johnstone_
F. INGE JOHNSTONE (asb-2663-e68f)
Attorney for the Plaintiff,
Anna Bryant

JOHNSTONE CARROLL LLC
2204 Lakeshore Dr., Suite 303
Homewood Alabama, 35209

PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL WITH A COPY OF THE SUMMONS AND COMPLAINT AT:

HCC Life Insurance Company
c/o National Registered Agents
2 N. Jackson St., Suite 605
Montgomery, AL 36104

4849-1876-7152, v.  1



AlaFile E-Notice

17-CV-2017-900014.00

To:  FRANCIS INGE JOHNSTONE
     ijohnstone@johnstonecarroll.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

ANNA BRYANT V. HCC LIFE INSURANCE COMPANY
17-CV-2017-900014.00

The following complaint was FILED on 3/24/2017 3:33:39 PM

Notice Date:      3/24/2017 3:33:39 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov



AlaFile E-Notice

17-CV-2017-900014.00

To:  HCC LIFE INSURANCE COMPANY
NATIONAL REGISTERED AGENT
2 N. JACKSON ST., STE. 60
MONTGOMERY, AL, 36104

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF CLAY COUNTY, ALABAMA

ANNA BRYANT V. HCC LIFE INSURANCE COMPANY
17-CV-2017-900014.00

The following complaint was FILED on 3/24/2017 3:33:39 PM

Notice Date:     3/24/2017 3:33:39 PM

JULIE G. POE
CIRCUIT COURT CLERK
CLAY COUNTY, ALABAMA
PO BOX 816
ASHLAND, AL, 36251

256-354-7926
Julie.Poe@alacourt.gov

| State of Alabama | SUMMONS | Case Number: |
|---|---|---|
| Unified Judicial System | - CIVIL - | 17-CV-2017-900014.00 |
| Form C-34   Rev 6/88 | | |

## IN THE CIRCUIT COURT OF CLAY COUNTY
## ANNA BRYANT V. HCC LIFE INSURANCE COMPANY

NOTICE TO    HCC LIFE INSURANCE COMPANY, NATIONAL REGISTERED AGENT 2 N. JACKSON ST., STE. 60, MONTGOMERY, AL 36104

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE OPPOSING PARTY'S ATTORNEY FRANCIS INGE JOHNSTONE

WHOSE ADDRESS IS 2204 Lakeshore Drive, Suite 303, BIRMINGHAM, AL 35209

THE ANSWER MUST BE MAILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR ANY PERSONNEL AUTHORIZED by the Alabama Rules of the Civil Procedure:

☐ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant

☑ Service by certified mail of this summons is initiated upon the written request of    ANNA BRYANT

   pursuant to the Alabama Rules of the Civil Procedure

Date   3/24/2017 3:33:39 PM        /s/ JULIE G. POE

                                   Clerk/Register

                                   PO BOX 816
                                   ASHLAND, AL 36251

---

☑ Certified Mail is hereby requested        /s/ FRANCIS INGE JOHNSTONE

                                            Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:

☐ Return receipt of certified mail received in this office on _____

☐ I certify that I personally delivered a copy of the Summons and Complaint to _____

_____ in _____ County, Alabama on _____
                                                                        (Date)

_____          _____          _____
Date                             Server's Signature                Address of Server

_____          _____          _____
Type of Server                   Server's Printed Name

                                                                   _____
                                                                   Phone Number of Server

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee

$

Extra Services & Fees (check box, add fee as appropriate)
- ☐ Return Receipt (hardcopy)           $
- ☐ Return Receipt (electronic)         $
- ☐ Certified Mail Restricted Delivery   $
- ☐ Adult Signature Required
- ☐ Adult Signature Restricted Delivery  $

Postmark
Here

Postage

$

Total Postage and Fees

$

Sent To *HCC Life Insurance Company*

Street and Apt. No., or PO Box No. *2 N. Jackson Street, STE 160*

City, State, ZIP+4 *Montgomery, AL 36104*

7016 0750 0001 1452 6542

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

FILED
DISTRICT/CIRCUIT CT
MAR 27 2017
CLAY COUNTY

DOCUMENT 6

CV-2017-900014

## SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Hoovappe Insurance Co.
2 N. Jackson Street STE 60
Montgomery, AL 36104

9590 9402 1955 6123 0333 34

2. Article Number (Transfer from service label)

7016 0750 0001 1452 6562

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X _____  ☐ Agent
                              ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below.       ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ _____ Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

DOCUMENT 6

**First-Class Mail**
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 1955 6123 0333 34

**United States**
**Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

Clay County Circuit Clerk CT
P.O. Box
Ashland, AL

CLAY COUNTY, AL